# IN THE COURT OF APPEALS OF IOWA

No. 19-1379
Filed June 17, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**OSCAR VILLAFANA-RAY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Brook Jacobsen, District Associate Judge.

A defendant appeals his conviction of possession of a controlled substance.
**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

Following a trial on the minutes, the district court convicted Oscar Villafana-Ray of a drug offense. On appeal, Villafana-Ray argues the district court erred in denying his motion to suppress. We affirm.

On February 5, 2019, Officer Robert Michael was on routine patrol. He randomly ran the license plate number of a Buick automobile that was sitting outside a grocery store. The system reported the Buick's registered owner was named Mateo Gutierrez. It also reported that Mateo had a suspended driver's license. So Officer Michael parked nearby and waited for someone to move the car. While waiting, he obtained Mateo's Department of Transportation picture.

Someone got in the Buick and started driving it. Officer Michael thought the driver looked like Mateo. But before Officer Michael could initiate a traffic stop, the driver pulled over and quickly got out of the vehicle. Officer Michael approached the driver and asked if he was Mateo. The driver—who was later identified as Villafana-Ray—denied being Mateo. Instead, he said his name was "Oscar" and explained he was Mateo's brother. Officer Michael asked him if he had identification. Villafana-Ray said he did not. So Officer Michael decided to detain Villafana-Ray while he investigated his identify.

Before putting Villafana-Ray in the back of the police car, Officer Michael performed a pat-down search. He felt a suspicious item. Later testing would show the item was synthetic marijuana.

Once Villafana-Ray was in the backseat, Officer Michael ran Villafana-Ray's provided information. Officer Michael also radioed dispatch to confirm Villafana-

Ray's identity. Officer Michael then learned Villafana-Ray had a suspended license and a warrant out for his arrest. So Officer Michael arrested Villafana-Ray.

The State charged Villafana-Ray with possession of a controlled substance in violation of Iowa Code section 124.401(5) (2019). Villafana-Ray filed a motion to suppress. He argued any reasonable suspicion for the stop ended after Villafana-Ray informed Officer Michael that he was not the registered owner of the vehicle. Following a hearing, the district court denied the motion and noted "the statement from the individual alone is not enough to completely dispel the reasonable suspicion that was the basis for the stop." Villafana-Ray agreed to a trial on the minutes of evidence. He was convicted of possession of a controlled substance (synthetic marijuana), first offense. Villafana-Ray appeals.

"We review the district court's denial of a motion to suppress on constitutional grounds de novo." State v. Coleman, 890 N.W.2d 284, 286 (Iowa 2017). "We examine the entire record and 'make an independent evaluation of the totality of the circumstances.'" State v. Brown, 930 N.W.2d 840, 844 (Iowa 2019) (quoting State v. Meyer, 543 N.W.2d 876, 877 (Iowa 1996)). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." State v. Storm, 898 N.W.2d 140, 144 (Iowa 2017) (quoting State v. Brown, 890 N.W.2d 315, 321 (Iowa 2017)).

Villafana-Ray contends the district court erred in concluding State v. Coleman, 890 N.W.2d 284 (Iowa 2017), did not require suppression. He argues that, once Officer Michael "was made aware that Villafana-Ray was not the registered owner of the vehicle, under Coleman, his further detention of Villafana-

Ray and the checking of Villafana-Ray's license status unconstitutionally extended the traffic stop."

We start with the general rule that

an officer has reasonable suspicion to initiate an investigatory stop of a vehicle to investigate whether the driver has a valid driver's license when [1] the officer knows the registered owner of the vehicle has a suspended license, and [2] the officer is unaware of any evidence or circumstances indicating the registered owner is not the driver of the vehicle.

*State v. Vance*, 790 N.W.2d 775, 781 (Iowa 2010). *Coleman* elaborated on this rule. 890 N.W.2d at 301. Like the case at bar, *Coleman* involved a traffic stop after a police officer performed random license plate checks. *Id.* at 285. The officer in *Coleman* stopped a vehicle because the owner of the vehicle, who was female, had a suspended driver's license. *Id.* But when the officer approached the vehicle, "it was clear . . . that the driver was male, not female." *Id.* This discovery, the *Coleman* court held, should have ended the stop. *See id.* at 301. The court explained "that when the reason for a traffic stop is resolved and there is no other basis for reasonable suspicion, article I, section 8 of the Iowa Constitution requires that the driver must be allowed to go his or her way without further ado." *Id.*

Villafana-Ray does not dispute that, because Officer Michael knew the Buick's owner had a suspended license, there was reasonable suspicion to initiate the traffic stop. But he argues that, once he denied being the registered owner of the vehicle, any reasonable suspicion was dispelled and *Coleman* prohibited any further inquiry. We disagree. "*Coleman* only applies if outward attributes make it obvious that the gender, race, or age of the driver or other occupants of the stopped vehicle do not match the identity of the registered owner, who is the focus

of the investigation."  *State v. Kilpatrick*, No. 17-0817, 2018 WL 3060259, at \*3 (Iowa Ct. App. June 20, 2018).  Conversely, police officers are "entitled to extend [a] stop long enough to resolve any ambiguity concerning the occupants' identities" when the driver "generally matche[s]" the registered owner's description.  *Id.*  Here, Officer Michael believed Villafana-Ray looked similar to the description of the registered owner—Mateo—who had no valid license to drive the Buick.  And although Villafana-Ray denied being the owner, Officer Michael was not obligated to just take his word for it, especially since Villafana-Ray could provide no identification.  *Cf. id.* ("In the officers' experience, suspects are not always truthful about their identities.").  Instead, Officer Michael was entitled to detain Villafana-Ray until "any ambiguity" about his identity was resolved.  *See id.*

Alternatively, Villafana-Ray asserts that "it is clear from the record that the only additional information needed to verify that Villafana-Ray was not the registered owner was his full name and birthdate."  So once this information was confirmed, "the reasonable suspicion for the stop had been resolved and further detention of Villafana-Ray—including the time it took to run his driver's license status and discover it was suspended and Villafana-Ray had an outstanding arrest warrant—was unlawful."  But Officer Michael testified he confirmed Villafana-Ray's identity and simultaneously learned about his license status and outstanding warrant.  *See Rodriguez v. United States*, 575 U.S. 348, 355 (2015) (noting "[a]n officer . . . may conduct certain unrelated checks during an otherwise lawful traffic stop," so long as it does not prolong the stop).  So reasonable suspicion had not yet ended.  *See Coleman*, 890 N.W.2d at 301.

We note also that, even if there had never been a question about Villafana-Ray's identity, Officer Michael's actions were still justified. As the State correctly notes, Iowa Code section 321.174(3) requires anyone who drives on Iowa roadways to have their driver's license in their "immediate possession at all times when operating a motor vehicle." It also requires drivers to "display" their license "upon demand of a . . . peace officer." Iowa Code § 321.174(3). So when Villafana-Ray told Officer Michael he had no form of identification, there was probable cause to believe Villafana-Ray had operated the Buick without a license in his possession. There was also reasonable suspicion Villafana-Ray had no license at all. So we agree with the State that, "[r]ight off the bat, Officer Michael had reasonable suspicion to extend the stop to determine the extent of Villafana-Ray's infractions."

The district court appropriately denied Villafana-Ray's motion to suppress.[1]

**AFFIRMED.**

---

[1] We note that Villafana-Ray also contends the pat-down was unconstitutional. The district court concluded, and the State does not dispute, that the pat-down was unwarranted. But the district court also found that, even if the pat-down would not have occurred, the drugs in Villafana-Ray's pants would still have been discovered during his ultimate arrest. So the district court ruled the doctrine of inevitable discovery applies. *See State v. Christianson*, 627 N.W.2d 910, 912 (Iowa 2001) (noting that under the inevitable-discovery doctrine, "relevant, probative evidence gathered despite Fourth Amendment violations is not constitutionally excluded when the police would have inevitably discovered the same evidence acting properly"). Villafana-Ray does not challenge this ruling. And we decline to explore the issue on his behalf. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [an appellant] might have made and then search for legal authority and comb the record for facts to support such arguments.").